IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TODD BROWN, *et al.*                                                         PLAINTIFFS

vs.                         Case No. 4:08-cv-04065

SMITH & WESSON CORPORATION                          DEFENDANT

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant's Motion for Summary Judgment. ECF No. 28. Defendant filed this Motion on June 24, 2010. *Id.* On July 12, 2010, Plaintiffs responded to this Motion. ECF No. 37. Defendant filed a Reply Brief on July 19, 2010. ECF No. 46. Plaintiffs filed a Supplemental Response on December 1, 2010. ECF No. 94. Defendant filed a Reply Brief to the Supplemental Response on December 8, 2010. ECF No. 97. Plaintiffs filed a second Supplemental Response on February, 17, 2011. ECF No. 113. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), on October 8, 2010, the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. ECF No. 83. This Motion is now ready for consideration, and, in accordance with the following reasoning, this Court recommends this Motion be **DENIED.**

**1. Background**

Plaintiffs commenced this action against Defendant Smith & Wesson Corporation ("Smith & Wesson") and allege claims of negligence based on a design defect and failure to warn, strict liability, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of express warranty. ECF No. 91. These allegations stem from an injury


that occurred on December 26, 2007, while Plaintiff Todd Brown was using a Performance Center 460 ("Model 460") revolver manufactured by Smith & Wesson.

## 2. Applicable Law

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to grant summary judgment in a case. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact exists on an issue where the nonmovant bears the burden of proof at trial. *Id.* at 324. A mere scintilla of evidence in support of the non-movant's position is insufficient. *Anderson,* 477 U.S. at 252. To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted). As stated in Rule 56, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2).

**3. Discussion**

Defendant claims they are entitled to summary judgment on the following claims in Plaintiffs' Complaint: (1) failure to warn; (2) strict liability; (3) breach of warranty claims; and (4) derivative loss of consortium claim. ECF No. 29. This court will address each one of these claims separately.

**a. Failure To Warn**

Plaintiffs allege Defendant was negligent in failing to effectively communicate an adequate warning to Plaintiff Todd Brown regarding the potential dangers of using the Model 460 revolver. ECF No. 91. Defendant seeks summary judgment on Plaintiffs' claim of failure to warn and argues: (1) Plaintiffs cannot show Defendant failed to provide an adequate warning and (2) Assuming the warnings were inadequate, Plaintiffs' claim fails because Defendant has shown Plaintiff Todd Brown would not have read any warning.

Under Arkansas law, it is the Plaintiff's burden in a failure-to-warn case to prove that "the warning or instructions provided were inadequate. Once a Plaintiff proves the lack of an adequate warning or instruction, a presumption arises that the user would have read and heeded adequate warnings or instructions." *See Bushong v. The Garman Co.*, 311 Ark. 228, 235, 843 S.W.2d 807, 812 (1992). However, "this presumption may be rebutted by evidence which persuades the trier of fact that an adequate warning or instruction would have been futile under the circumstances." *Id*.

With regards to the adequacy of the warning in question, Plaintiffs provide sufficient summary judgment proof to create a genuine issue of material fact for trial. The Model 460 revolver contained an owners manual which both parties admit contained the following two warnings:

> WARNING
>
> READ THESE INSTRUCTIONS AND WARNINGS CAREFULLY. BE SURE YOU UNDERSTAND THESE INSTRUCTIONS AND WARNINGS BEFORE USING THIS FIREARM. FAILURE TO READ THESE INSTRUCTIONS AND TO FOLLOW THESE WARNINGS MAY RESULT IN SERIOUS INJURY OR DEATH TO YOU AND OTHERS AND DAMAGE TO PROPERTY
>
> WARNING: ALWAYS KEEP YOUR FINGERS AWAY FROM THE AREA BETWEEN THE CYLINDER AND THE BARREL DURING FIRING. PARTICLES AND HOT GAS WILL BE FORCED OUT FROM BETWEEN THE BARREL AND CYLINDER IN ANY REVOLVER DURING NORMAL USE. FAILURE TO FOLLOW THIS WARNING WILL CAUSE SERIOUS PERSONAL INJURY.

ECF No. 39, Pg. 3.

In support of their argument that the warnings in question were not adequate, Plaintiffs' submit as summary judgment proof, the report of human factors expert Dr. Lila Laux. ECF No. 94, Ex. A. Dr. Laux has prepared a human factors analysis of the warnings and instructions associated with the Model 460 revolver. ECF No. 94, Ex. A. According to Dr. Laux the warnings were not adequate because: (1) the warnings were not located in a prominent location in the owners manual, (2) the warnings were vague and non-specific, and (3) the warnings did not convey the severity of the potential hazard from use of the revolver. ECF No. 94, Ex. A.

Accordingly, Plaintiffs have shown more than a scintilla of evidence that creates a genuine issue of material fact for trial on the issue of adequacy of the warning.

Having found that Plaintiffs have provided sufficient summary judgment proof to create a genuine issue of material fact for trial on the basis of the adequacy of the warnings, this Court must

now address Defendant's argument that even assuming the warnings were inadequate, Plaintiffs' claim fails because Defendant has shown Plaintiff Todd Brown would not have read any warning.

Defendant relies on *Bushong* in arguing that a summary judgment must be granted when the evidence demonstrates that the Plaintiff would not have read any warning, regardless of the inadequacy of the actual warning. As summary judgment proof, Defendant refers to Plaintiff Todd Brown's deposition testimony that indicated he not read an owners manual for any previous firearm he had owned. ECF No. 28-3.

Plaintiffs again refer to the opinions of Dr. Laux in support of their argument that there exists a genuine issue of material fact for trial on their claim based on failure to warn. ECF No. 94, Ex. A. Dr. Laux, in her report, stated a warning for this type of hazard should be featured prominently on the packaging and in advertising. Further, the warning should be perceptually available and highly visible so that it will be detected by the user. ECF No. 94, Ex. A. Dr. Laux also indicated it was feasible to place this type of warning directly on the revolver. ECF No. 94, Ex. A.

Plaintiffs also point out that during the initial launch of this revolver, Defendant's provided purchasers with a brightly colored separate insert that contained a warning concerning the dangers associated with the B/C gap on this revolver. ECF No. 38. Defendant no longer uses this separate product insert. It is Plaintiffs' position that the user would be more likely to appreciate and receive the warning through use of a separate insert. ECF No. 38.

Upon review, this Court agrees there exists is a factual dispute regarding the Plaintiffs' claim on failure to warn precluding summary judgment. Plaintiffs have shown more than a scintilla of evidence that creates a genuine issue of material fact for trial on their claim of negligence based a

failure to warn. Accordingly, this Court recommends Defendant's Motion for Summary Judgment as to Plaintiffs' claim based on failure to warn be denied.

### b. Strict Liability

A manufacturer of a product is liable for harm to a person if the following two conditions are met: (1) it supplied the product to the person in a defective condition that rendered it unreasonably dangerous and (2) the defective condition was the proximate cause of the harm to the person. Ark. Code Ann. § 4-86-102(a)(1)-(3) (Supp. 2007). A "defective condition" is "a condition of a product that renders it unsafe for reasonably foreseeable use and consumption." *Id*. § 16-116-102(2) (Supp. 2007). A product is "unreasonably dangerous" when the product is dangerous to an extent beyond that which would be contemplated by the ordinary or reasonable buyer or consumer, taking into account any special knowledge of the buyer. *Id.* § 16-116-102(7)(A).

Defendant argues Plaintiffs have failed to establish the Model 460 revolver was "unreasonably dangerous" nor have they presented sufficient evidence of a design defect. ECF No. 29. Plaintiffs rely on the reports of expert Richard Ernest in support of their claim that the Model 460 revolver was suppled in a defective condition which rendered it unreasonably dangerous. ECF Nos. 37-2 and 37-9.

Plaintiffs' expert Richard Ernest has prepared a report and findings based on his review of the Model 460 revolver. ECF Nos. 37-2 and 37-9. It is Mr. Ernest's opinion, based on his extensive experience with users of firearms, that the "vast majority of shooters cannot be expected to be aware of the force and magnitude of that flash/blast from the Smith and Wesson Model 460 XVR revolver" that injured the Plaintiff. ECF Nos. 37-2 . Mr. Ernest further found support for this opinion based on test firing comparisons with various other models of revolvers which all showed significantly

lower B/C gap flash/blast than the Model 460 revolver. ECF No. 37-9. These opinions of Mr. Ernest create a genuine issue of material fact for trial on the issue whether the revolver is dangerous to an extent beyond that which would be contemplated by the ordinary or reasonable buyer or consumer.

Plaintiffs again refer to the opinions of Mr. Ernest in support of their argument that there exists a genuine issue of material fact for trial on their claim that the Model 460 revolver was suppled in a defective condition. In Mr. Ernest's report, he indicates the design of the Model 460 revolver is flawed in that the length and weight of the barrel, the relative shortness of the cylinder, and the relatively undersized grip compel the user of the revolver to move one hand forward, toward the barrel, for support. In doing so, users of the revolver are more likely to place their hand in the area of the blast zone of the B/C gap. ECF Nos. 37-2 and 37-9.

Mr. Ernest also is of the opinion that Defendant could have utilized alternative design methods to reduce exposure to the B/C gap blast. ECF No. 37-2. Mr. Ernest references two other firearms. First, the Nagant revolver design closes the B/C gap through a motion that snugs the cylinder to the barrel, and secondly, the Taurus uses a blast-shield design to protect the user from the B/C gap blast. Mr. Ernest opines that either of these designs would have protected a user, such as Plaintiff from the effects of the B/C blast occurring when using the Model 460 revolver.

The record, when viewed in the light most favorable to the Plaintiffs, shows a genuine issue of material fact for trial on the issue of Plaintiffs' design defect claims. Accordingly, the Court recommends Defendant's Motion for Summary Judgment as to Plaintiffs' claim based on strict liability be denied.

### c. Breach of Warranty and Negligence

Defendant seeks summary judgment on Plaintiffs' claims of negligence and breach of warranty based on a design defect in the revolver. ECF No. 29, Pg. 15. Defendant bases its request for summary judgment for the breach of warranty and negligence claims solely on the premise that Plaintiffs will not be able to prove a claim for strict liability because they cannot show a defect in the Model 460 revolver. ECF No. 29, Pg. 15. As Defendant points out, both strict liability and breach of warranty claims require proof of a product defect. *See Higgins v. General Motors Corp.*, 287 Ark. 390, 391, 699 S.W.2d 741, 743 (1985). Defendant argues the same analysis applies to a theory of negligence based on a design defect and thus summary judgment is appropriate for the same reasons offered by it on the strict liability claim discussed above.

Because this Court has recommended denial of Defendant's summary judgment as to Plaintiffs' claim based on strict liability and found a genuine issue of material fact for trial on the issue of Plaintiffs' design defect claims, the Court also recommends Defendant's Motion for Summary Judgment as to Plaintiffs' claims based on negligence and breach of warranty be denied.

### d. Loss of Consortium

Defendant also seeks summary judgment on Plaintiff Kathy Brown's loss of consortium claim. ECF No. 29, Pg. 15. Defendant argues Plaintiff Kathy Brown's loss of consortium claim is derivative of Plaintiff Todd Brown's claim, therefore, if his claims are barred as a matter of law, so are hers. ECF No. 29, Pg. 15. Given that this Court has recommended denial of Defendant's summary judgment as to Plaintiff Todd Brown's claims, this Court also recommends Defendant's Motion for Summary Judgment as to Plaintiff Kathy Brown's loss on consortium claim be denied.

**5. Conclusion**

Based upon the foregoing, this Court recommends Defendant's Motion for Summary (ECF No. 28) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 24th day of February, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE