IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TODD BROWN, et al.                                                                             PLAINTIFFS

V.                                        CASE NO. 08-CV-4065

SMITH & WESSON CORPORATION                                                       DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed February 24, 2011, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 115). Judge Bryant recommends that Defendant's Motion for Summary Judgment (ECF No. 28) be denied. Defendant has responded with timely objections and a supplement to the objections. (ECF Nos. 118 and 121). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

First, Defendant objects to Judge Bryant's finding that Plaintiff Todd Brown's failure-to-warn claim withstands Defendant's summary judgment motion. Specifically, Defendant argues that Judge Bryant failed to follow the precedent in *Bushong*, which held that the plaintiff's failure-to-warn claim was barred because he failed to read the warnings that accompanied the allegedly defective cleaning product and had not read a label on a cleaning product in at least three years. *See Bushong v. Garman Co.*, 843 S.W.2d 807 (Ark. 1992).

"Under Arkansas law, once a plaintiff proves the lack of an adequate warning or instruction, a presumption arises that the user would have read and heeded an adequate warning." *Boerner v. Brown & Williamson Tobacco Corp.*, 260 F.3d 837, 842 (8th Cir. 2001) (citing *Bushong*, 843

S.W.2d at 811). A defendant can rebut this presumption by offering evidence that persuades the trier of fact that an adequate warning or instruction would have been futile under the circumstances. *Id*. at 843 (quoting *Bushong*, 843 S.W.2d at 811). Once the defendant offers evidence tending to rebut the presumption that the user would have read and heeded an adequate warning, a rebuttable presumption that shifts to the defendant the burden of persuasion on futility operates in one of two ways. *Id*. at 844. "If the defendant produces evidence so strong that it would necessarily persuade any reasonable trier of fact that an adequate warning would have been futile, the defendant is entitled to have causation determined as a matter of law." *Id*. at 844-45. *Bushong*, where the plaintiff admitted that he had not read a label on a cleaning product for three years while cleaning for his employer, falls into this category. *Id*. citing *Bushong*, 843 S.W.2d at 811) "If, however, the evidence offered to rebut the presumption, weighed against any evidence offered to support it, would permit reasonable minds to differ on whether an adequate warning would have been read and heeded, the question of causation is properly submitted to a jury, and the plaintiff bears the ultimate risk of not persuading the jury that an adequate warning would have prevented the plaintiff's injury." *Id*.

Here, the Court agrees with Judge Bryant that Plaintiff has made out a prima facie case that the warning was inadequate, which raises the presumption that an adequate warning would have been read and heeded. To rebut this presumption, Defendant offers evidence establishing that Plaintiff never read an owner's manual during the thirty-two years that he owned a total of twenty-five guns. Thus, the question is whether the record evidence demonstrates a genuine issue of material fact as to whether Plaintiff would have heeded an adequate warning.

Here, Plaintiff presented testimony from an expert that the warning was vague and non-specific and did not convey the severity of the potential hazard from the use of the revolver. Further,

the expert opined that the warning could have been placed on the revolver itself. If not placed directly on the gun, she opined that the warning should be featured more prominently on the packaging and should be perceptually available and highly visible so that it will be detected by the user. Moreover, Plaintiff points out that Defendants used to provide purchasers with a brightly colored separate insert that contained a warning concerning the dangers associated with the B/C gap on the revolver. Defendants no longer uses this separate insert. Plaintiff argues that the user would be more likely to appreciate and receive the warning through the use of a separate insert. Weighing Defendant's evidence offered to support the presumption against Plaintiff's evidence offered to support it, the Court finds that reasonable minds could differ on whether Plaintiff would have read and heeded an adequate warning. *See Boerner*, 260 F.3d at 846-47 (presumption not rebutted where expert opined that a graphic, more specific, and dire warning could overcome the plaintiff's selective inattention to the warning). Defendant's objection regarding this issue is overruled.

Defendants object to Judge Bryant's finding that Plaintiff's design-defect claim withstands Defendant's summary judgment motion. Specifically, Defendant argues that Plaintiff cannot show that an alternative design to the revolver at issue was feasible or possible. Further, Defendant argues that Plaintiff has the burden of showing that a safer alternative design actually exists and that Plaintiff has not done so in this case.

A defective design can be established under Arkansas law without proof of a safer alternative design. *Boerner*, 260 F.3d at 846. Although, when a plaintiff's sole proof of a defective design is the designer's choice not to pursue a safer design, the evidentiary burden is on the plaintiff to show that the safer alternative design he or she advocates actually exists. *Id*. Here, to prove its defective design claim, Plaintiff is not solely relying on proof that Defendant chose not to pursue a safer

design. Thus, in this case, Plaintiff does not have to show that the safer alternative design he advocates actually exists. Instead, the existence, practicality, and technological feasibility of an alternative safe design are merely factors that may be considered by the jury in determining whether a product was supplied in a defective condition that rendered it unreasonably dangerous. *See id*. Arkansas courts generally submit such fact questions to the jury to weigh in light of all the evidence. *Id*. Here, the Court agrees with Judge Bryant that, when viewed in the light most favorable to Plaintiff, the record shows a genuine issue of material fact for trial on Plaintiff's design defect claims. Defendant's objection regarding this issue is overruled.

Defendant also objects to Judge Bryant's finding that Plaintiff Todd Brown's breach of warranty and negligent design claims and Plaintiff Kathy Brown's loss of consortium claim withstand Defendant's summary judgment motion. However, the Court agrees with Judge Bryant's findings on these issues. The Court has conducted the required de novo review of the portions of the Report and Recommendation corresponding with Defendant's objections. Accordingly, these objections are overruled.

For reasons stated herein and above, as well as those contained in the Report and Recommendation (ECF No. 115), Defendant's Motion for Summary Judgment (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED**, this 16th day of March, 2011.

/s/ Harry F. Barnes  
Hon. Harry F. Barnes  
United States District Judge